UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-00026-EHJ

JAMIE A. McWILLIAMS                                                                                                                                    PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint (DN 1) of Jamie A. McWilliams ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 9) and the defendant (DN 10) have filed a Fact and Law Summary. By Order entered February 27, 2006 (DN 5), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed. This matter is ripe for decision.

### STANDARD OF REVIEW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 8-10). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g);

Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

## BACKGROUND

On February 4, 2003, plaintiff filed applications for Disability Insurance Benefits (Tr. 82-84) and Supplemental Security Income payments (Tr. 240-242). Plaintiff alleged that he became disabled on January 3, 2002 as a result of a crushed vertebra, bladder problems, and blackouts (Tr. 20, 82, 96, 240). Administrative Law Judge John Lawrence ("ALJ") conducted a hearing on January 21, 2004 in Campbellsville, Kentucky (Tr. 36). The plaintiff was present and represented by attorney M. Gail Wilson (Tr. 36). Also present and testifying was Ralph Crystal as a vocational expert (Tr. 36).

In a decision dated June 28, 2004, the ALJ found from the medical evidence that plaintiff's severe compression fracture at T-4 and exaggerated kyphosis are "severe" impairments within the meaning of the regulations (Tr. 22). However, the ALJ found these impairments are not "severe"

enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 22).

The ALJ found that plaintiff is capable of performing a significant range of light work (Tr. 23). Relying on testimony from the vocational expert, the ALJ concluded plaintiff does not have the residual functional capacity to perform his past relevant work but is capable of performing a significant number of jobs that exist in the national economy (Tr. 24).

Plaintiff timely requested review of the ALJ's decision (Tr. 14). In support of the request for review, plaintiff submitted additional medical evidence regarding his mental impairment (Tr. 253-337). The Appeals Council considered this additional evidence but denied plaintiff's request for review of the ALJ's decision (Tr. 8-10).

## DISCUSSION

Plaintiff contends that the ALJ erred in finding that he does not have a severe mental impairment (DN 9 at Pages 2-4). Notably, the ALJ relied on the opinions of consultative psychological examiner Gary W. Maryman, Psy.D., to support his finding that plaintiff does not have a severe mental impairment (Tr. 22). Since the ALJ found plaintiff had at least one condition that is "severe" within the meaning of the regulations (Tr. 22) and was able to consider the mental impairment in assessing plaintiff's limitations at the fourth step, the alleged omission by the ALJ does not constitute reversible error. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987).

In making the above argument, plaintiff relied on evidence he submitted to the Appeals Council (DN 9 at Pages 3-4).[1] Since the Appeals Council considered the new evidence but declined plaintiff's request for review, those medical records are not part of the administrative record that the district court can consider in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. <u>Cline v. Commissioner of Social Security</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695-696 (6th Cir. 1993). The Court may consider new evidence for the limited purpose of determining whether to order a pre-judgment remand of the case to the Commissioner for further administrative proceedings. <u>Cline</u>, 96 F.3d at 148; 42 U.S.C. § 405(g). However, plaintiff has not asked the Court to make such a determination (DN 9). Further, while defendant has briefed the issue (DN 10 at Pages 6-7), plaintiff has not (DN 9). For these reasons, the Court declines to consider whether a pre-judgment remand, pursuant to sentence six of 42 U.S.C. § 405(g), is appropriate.

Next, plaintiff contends the ALJ should have found his severe compression deformity of the T4 vertebral disc and exaggerated thoracic kyphosis meets or medically equals Listing 1.04C (DN 9 at Pages 4-5). In support of his contention, plaintiff cites the opinion Dr. Haddad expressed on July 18, 2003 (Tr. 200) and a radiology report regarding a June 15, 2003 MRI of the thoracic spine (Tr. 202; DN 9 at Page 4-5).

---

[1] In the text of his argument, plaintiff asserts that the Appeals Council failed to take into account the additional medical records submitted in support of his request for review (DN 9 at Page 3). It is not clear whether plaintiff is asking for judicial review of a perceived error by the Appeals Council. Notably, the denial of a claimant's request for review by the Appeals Council is not a final decision of the Commissioner subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. §§ 404.981, 422.210(a).

At the third step, plaintiff has the burden of demonstrating he has an impairment or combination of impairments that meets or medically equals a listing in Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d); Burgess v. Secretary of Health and Human Services, 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, he has the burden of demonstrating that the medical records regarding the impairment satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525(d), 416.920(a)(4)(iii), 416.925(d); Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge will look to the opinions of the State agency medical advisors and/or the opinions of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 96-5p; Deters v. Secretary of Health, Education and Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

Plaintiff cannot satisfy his burden because he injured the thoracic portion of his spine and Listing 1.04C pertains only to the lumbar portion of the spine. Thus, there is no merit to plaintiff's argument that the ALJ should have found he meets or medically equals Listing 1.04C.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Commissioner's findings are supported by substantial evidence, and a judgment should be granted for the Commissioner. An order in conformity with this Memorandum Opinion has ths day been entered.